**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

CA 05 214 ML

| United States District Court | District Rhode Island |
|---|---|
| Name (under which you were convicted): Edgar Guzman | Docket or Case No.: 01-00134T |
| Place of Confinement: USP ALLENWOOD, White Deer, PA 17887 | Prisoner No.: 05114-070 |
| UNITED STATES OF AMERICA v. | Movant (include name under which you were convicted) Edgar Guzman |

**MOTION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging: US District Court for the District of Rhode Island, 113 Federal Building and US Courthouse, One Exchange Terrace, Providence, Rhode Island 02903

   (b) Criminal docket or case number (if you know): 01-CR-134-ALL

2. (a) Date of the judgment of conviction (if you know): February 26, 2002 (entered plea agreement).

   (b) Date of sentencing: October 25, 2002

3. Length of sentence: 324 months

4. Nature of crime (all counts): 21 USC §§ 841(a)(1) and (b)(1)(A), knowingly and intentionally distributing cocaine base (count one); 21 USC §§ 841(a)(1) and (b)(1)(A), knowingly and intentionally possessing with intent to distribute cocaine base (count two).

5. (a) What was your plea? (Check one)

   (1) Not guilty ☒ (2) Guilty ☐ (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? Movant Guzman entered a plea agreement and admitted guilt to the offenses described in ¶ 4 supra.

6. If you went to trial, what kind of trial did you have? (Check one) N/A Jury ☐ Judge only ☐

(1)

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes ☐ No ☒
8. Did you appeal from the judgment of conviction? Yes ☒ No ☐
9. If you did appeal, answer the following:
   (a) Name of court: US Court of Appeals for the First Circuit
   (b) Docket or case number (if you know): 02-2433
   (c) Result: USDC judgment affirmed
   (d) Date of result (if you know): September 26, 2003
   (e) Citation to the case (if you know): Not known; possibly unpublished
   (f) Grounds raised: Two point enhancement for possession of a weapon and denying reduction in offense level for acceptance of responsibility

   (g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☒ No ☐

   If "Yes," answer the following:
   (1) Docket or case number (if you know): 03-8164
   (2) Result: certiorari denied
   (3) Date of result (if you know): February 23, 2004
   (4) Citation to the case (if you know): Unknown
   (5) Grounds raised: Whether the district court erred in applying a "Possession Test" as opposed to the "Facilitation Test" used in other circuits in finding a nexus between a firearm seized from the basement of the Petitioner's apartment building and the underlying felony in enhancing the petitioner's sentence (Ground One); see **attached page 15**

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ☐ No ☒

11. If your answer to Question 10 was "Yes," give the following information: N/A
    (a) (1) Name of court:
    (2) Docket or case number (if you know):
    (3) Date of filing (if you know):

(4) Nature of the proceeding: ____________________

(5) Grounds raised: ____________________

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☐

(7) Result: ____________________

(8) Date of result (if you know): ____________________

(b) If you filed any second motion, petition, or application, give the same information: N/A

(1) Name of court: ____________________

(2) Docket or case number (if you know): ____________________

(3) Date of filing (if you know): ____________________

(4) Nature of the proceeding: ____________________

(5) Grounds raised: ____________________

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☐

(7) Result: ____________________

(8) Date of result (if you know): ____________________

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes ☐ No ☐

(2) Second petition: Yes ☐ No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: ______

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: The district court should apply principles of equitable tolling to render Movant Guzman's § 2255 motion timely.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Memorandum of Law that will be submitted thirty (30) days subsequent to the filing of this motion.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: § 2255 is the appropriate forum to address this Ground.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state: N/A

Type of motion or petition: ______

Name and location of the court where the motion or petition was filed: ______

Docket or case number (if you know): ____________________

Date of the court's decision: ____________________

Result (attach a copy of the court's opinion or order, if available): ____________________

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ____________________

Docket or case number (if you know): ____________________

Date of the court's decision: ____________________

Result (attach a copy of the court's opinion or order, if available): ____________________

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: ____________________

**GROUND TWO:** See attached page 16.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Memorandum of Law that will be submitted thirty (30) days subsequent to the filing of this motion.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: § 2255 is the appropriate forum in which to address ineffective assistance of counsel Grounds.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state: N/A

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: ______

**GROUND THREE:** See attached page 16.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Memorandum of Law that will be submitted thirty (30) days subsequent to the filing of this motion.

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: § 2255 is the appropriate forum in which to address ineffective assistance of counsel Grounds.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state: N/A

Type of motion or petition: ______

Name and location of the court where the motion or petition was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______________________

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______________________

Docket or case number (if you know): ______________________

Date of the court's decision: ______________________

Result (attach a copy of the court's opinion or order, if available): ______________________

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: ______________________

**GROUND FOUR:** See attached page 16.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Memorandum of Law that will be submitted thirty (30) days subsequent to the filing of this motion.

______________________________________________

______________________________________________

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: The U.S. Supreme Court recently ruled in a case previously not available to Movant Guzman prior to finality of his criminal conviction.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state: N/A

Type of motion or petition: ______________________________________________

Name and location of the court where the motion or petition was filed: ______________________

______________________________________________

Docket or case number (if you know): ______________________________________________

Date of the court's decision: ______________________________________________

Result (attach a copy of the court's opinion or order, if available): ______________________

______________________________________________

______________________________________________

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______________________

______________________________________________

______________________________________________

Docket or case number (if you know): ______________________________________________

Date of the court's decision: ______________________________________________

Result (attach a copy of the court's opinion or order, if available): ______________________

______________________________________________

______________________________________________

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: ____________________

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: Ground's One through Six have not previously been presented in some federal court.

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? Yes ☐ No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: David A. Schechter, Esq., 150 Chesnut Street, Providence, Rhode Island 02903

(b) At arraignment and plea: "

(c) At trial: "

(d) At sentencing: "

(e) On appeal: Derege Demissie, Esq., 929 Massachusetts Avenue, Suite 01, Cambridge, Massachusetts 02139

(f) In any post-conviction proceeding: N/A

(g) On appeal from any ruling against you in a post-conviction proceeding: ______

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: N/A

(b) Give the date the other sentence was imposed: ______

(c) Give the length of the other sentence: ______

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☐ No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

On July 19, 2004, Movant Guzman was misled into a false belief that his petition for writ of certiorari was denied on July 19, 2004. See Exhibit A, attached hereto (letter from Derege B. Demissie, Esq. to Edgar Guzman dated July 19, 2004). However, on April 19, 2005, Movant Guzman received another letter from Attorney Demissie which informed Guzman that his petition for writ of certiorari was denied on February 23, 2004.* Under this circuit court's precedent, if a petitioner can show that he was somehow misled or "lulled into a false belief that he had more than the alloted time to file", the district court should apply principles of equitable tolling to render his § 2255 motion timely. **See Delaney v. Matesanz**, 264 F.3d 7, 14 (1st Cir. 2001); **Proulx v. Marshall**, 190 F.Supp.2d 117, 122 (D.Mass. 2001)(The petitioner must show that he was somehow misled or "lulled into a false belief that he had more than the alloted time to file). Movant Guzman would like the additional time to fully explain more his diligence in pursuing the timely filing of his § 2255 motion in Ground One.

* Please note that the April 19, 2005 letter refered to in ¶ 18 is attached hereto as Exhibit B.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: reverse the convictions and either plead anew, reduce the sentence, or give Mr. Guzman the option of going to trial,

or any other relief to which movant may be entitled.

Edgar Guzman

Signature of Attorney (if any)

Edgar Guzman, pro se

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on May 11, 2005 (month, date, year).

Executed (signed) on May 11, 2005 (date).

Edgar Guzman

Signature of Movant

Edgar Guzman, pro se

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. ______

IN FORMA PAUPERIS DECLARATION

______

[Insert appropriate court]

*****

Mr. Guzman was declared in forma pauperis by the district court and was assigned counsel. Clearly, Mr. Guzman remains in a pauperis state since his incarceration.

CONTINUED FROM Page 3, paragraph 9(g)(5).

Whether the trial court violated the Petitioner's right to due process where it enhanced his sentence after allowing the government to raise for the first time, in violation of the plea agreement and post change of plea, a connection between a weapon seized and the drug transaction without the Petitioner to withdraw his guilty plea (Ground Two).

CONTINUED FROM Page 5 THROUGH Page 11, paragraph 12.

**GROUND TWO**

Trial counsel was constitutionally ineffective for not investigating Movant Guzman's Criminal History and further objecting to said Criminal History at sentencing. Appellate counsel was constitutionally ineffective for not addressing this claim on direct appeal.

**GROUND THREE**

Appellate counsel was constitutionally ineffective for not following-up on trial counsel's timely objection to DEA Agent Drouin's hearsay testimony and claiming that the district court abused its discretion in allowing said testimony into the sentencing record.

**GROUND FOUR**

Movant Guzman alleges that his sentence had been unlawfully enhanced by facts not found by the jury or admitted by him.

**GROUND FIVE**

Trail counsel was constitutionally ineffective for not investigating whether or not a shotgun ever existed; an "existence" legally necessary to support the district court's ruling that Movant Guzman should be enhanced two points for possession of a weapon.

## GROUND SIX

Trial counsel was constitutionally ineffective for conceding to rather than objecting to the obstruction of justice enhancement and the corresponding denial of an acceptance of responsibility reduction.

**NOTE:** Ground's Five and Six were not previously raised on direct appeal.

**EXHIBITS**

(1) Exhibit A; letter from Attorney Demissie to Edgar Guzman dated July 19, 2004.

(2) Exhibit B; letter from Attorney Demissie to Edgar Guzman dated April 19, 2005.

DEMISSIE & ASSOCIATES
ATTORNEYS AT LAW
929 MASSACHUSETTS AVENUE, SUITE 01
CAMBRIDGE, MASSACHUSETTS 02139

TEL: 617-354-3944
FAX: 617-354-0985

July 19, 2004

Edgar Guzman
Reg. No. 05114-070, Unit 3B
USP Allenwood
P.O. Box 3000
White Deer, PA 17887

Dear Mr. Guzman:

I hope this letter finds you in good spirits. I am in receipt of your July 10th letter and the attached case. Unfortunately, this case does not have the needed bearing on your case. I also regret to inform you that this office can do nothing further for you at this time. our appeal to the Supreme Court has been denied, which leaves us with no higher court to appeal too.

I wish you the best of luck.

Very truly yours,

Derege B. Demissie

MOVANT'S EXHIBIT A

DEMISSIE & ASSOCIATES
ATTORNEY'S AT LAW
929 Massachusetts Avenue, Suite 01
Cambridge, Massachusetts 02139

TEL: 617-354-3944
FAX: 617-354-0985

April 19, 2005

Edgar Guzman
Reg No. 05114-070, Unit 3B
US Penitentiary Allenwood
P.O. Box 3000
White Deer, PA 17887

Dear Mr. Guzman:

I hope this letter finds you in good spirits. Enclosed please find a copy of the Notice denying your Petition to the Supreme Court date February 23, 2004.

Very truly yours,

Derege Demissie

**MOVANT'S EXHIBIT B**