**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| EDGAR GUZMAN, | ) | |
| Movant, | ) | C.A. NO. 05-214ML |
| -vs- | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**MOVANT'S REPLY TO GOVERNMENT'S OBJECTION AND MEMORANDUM IN SUPPORT OF ITS OBJECTION TO [MOVANT'S] MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Movant Edgar Guzman ("Guzman") filed his motion to vacate, set aside or correct sentence on May 11, 2005 when he placed said motion in the prison mailing system. Subsequently, Guzman filed his Memorandum of Law in support of his § 2255 motion on June 9, 2005 when he placed said Memorandum of Law in the prison mailing system.

As a matter of housekeeping, the government intentionally misrepresents to this court a clear and obvious record when it boldly tells the Court in its late response that Guzman filed "two" separate petitions -- the first on May 16; the second on June 16. See government's memorandum of law at p. 7 n.2. The record clearly shows that Guzman simply filed his § 2255 motion and subsequently filed his memorandum of law in support of his § 2255 motion. Adding insult to injury, the government builds on their misrepresentation discussed above by making the statement that Guzman's second petition (which in reality was Guzman's

memorandum of law) was filed in error based upon a misunderstanding of the Court's order to the United States to file a response by June 15, 2005. Id. This poor dilatory tactic is unseemly at best. Lastly, the government blames this Court for not issuing an order for the government to respond to Guzman's memorandum of law. Id. The government very well knows that an order is not necessary from the Court to enjoin the government to respond to Guzman's memorandum of law as the Court's initial order to the government to respond to Guzman's § 2255 motion necessarily incorporates all supporting pleadings in support of said motion.

The government very well knows that any statements he/she makes are statements made by an attorney in his capacity as an officer of the Court. See Holloway v. Arkansas, 435 U.S. 475, 486 (1978) ("Attorneys are officers of the Court, and when they address the judge upon a matter before the Court, their declarations are virtually made under oath."). See also Smith v. Anderson, 689 F.2d 59, 64 (1982) (observing that statements made by an attorney in his capacity as an officer of the Court "are made as if upon oath") and A.B.A. Model Rules of Professional Conduct, Rule 3.3 (same). In short, the government's misrepresentation above and below constitute fraud or callous disregard for the Court record. See Virgin Islands Housing Authority v. David, 823 F.2d 764 (3rd Cir. 1987) (Misrepresentation constitutes grounds for vacating an Order whether "caused by fraud or by callous disregard of the Court record).

The government's late response read at its most liberal con-

struction touched on two out of seven of Guzman's claims -- Ground's one and three. Therefore, under Federal Rule of Civil Procedure 8(d), the government admits the remaining five grounds.[1] Moreover, the Court ordered the government to respond no later than June 15, 2005. The government filed no motion for enlargement of time and filed its response on June 23, 2005. Guzman moves this Court to therefore strike the government's response and rule on the conceded merits of his grounds.

Out of an abundance of caution, Guzman will reply to the government's opposition to the two grounds they selected only to respond to.

**(1) Equitable Tolling.**

The government claims that Guzman received word [from his attorney] that the writ [of certiorari] had been denied by the Supreme Court in a letter dated July 19, 2004. See government's memorandum of law at p. 7. However, a careful reading of the July 19 letter misled Guzman into a false belief that his petition for writ of certiorari was denied on July 19, 2004. See Guzman's § 2255 motion at ¶ 18. And, from that false belief, that he had one year from July 19, 2004 until July 19, 2005, in which to file a timely § 2255 motion. See Guzman's memorandum of law at p. 5. The government further contends that "[h]ad [Guzman] filed his

---

1.

Averments in a pleading to which a responsive pleading is required ... are admitted when not denied in the responsive pleading. See Fed.R.Civ.P. 8(d).

[§ 2255 motion] promptly after receipt of that [July 19] notice from appellate counsel, he would have filed within the time alloted." See government's memorandum of law at p. 7. The government's misconstruction is neither ethical, nor logical. Noticeably, the government does not submit affidavit(s) or evidence countering Guzman's affidavit and evidence. The government's contention here does not withstand scrutiny, therefore, Guzman's § 2255 motion should be equitably tolled and the merits of his grounds addressed by this Court.

**2. The Sixth Amendment Violation.**

In its memorandum of law the government states that "[t]he holdings of Blakely and Apprendi were new constitutional rules of criminal procedure." Id., at p. 7. The government, however, cites no authority for the proposition that Blakely announced a new rule of constitutional law. Instead, the government points to two district court cases which held that Blakely is not retroactively applicable under Teague v. Lane, 489 U.S. 288 (1989). See Orchard v. United States, 332 F.Supp.2d 275, 277 (D. Me. 2004) and United States v. Stancell, 346 F.Supp.2d 204 (D. D.C. 2004). Neither of these cases, however, state that Blakely announced a new rule of constitutional law.

In Orchard, the district court stated:

> The Blakely opinion explains that its holding is an application of the rule expressed in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). See Blakely, ___ U.S. ____, 124 S.Ct. at 2536. The First Circuit has clearly held that "Apprendi prescribes a new rule of criminal procedure, and that [Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 339 (1989)] does not permit inferior federal

> courts to apply the Apprendi rule retroactively to cases on collateral review." Sepulveda v. United States, 330 F.3d 55, 63 (1st Cir. 2003); cf. Schiro v. Summerlin, ___ U.S, ___, ___, 124 S.Ct. 2519, 2526, 159 L.Ed.2d 442 (2004) (holding that Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which applied Apprendi to require that aggrevating factors leading to the imposition of a death sentence not otherwise available must be found by a jury beyond a reasonable doubt, was "a new procedural rule that does not apply retroactively to cases already final on direct review"). Applying the reasoning set forth in Sepulveda and Summerlin, the extention of the Apprendi ruled announced in Blakely is a rule of criminal procedure that may not be applied retroactively.
> Id. at 277.

The court's reliance on Sepulveda and Summerlin to support the conclusion that Blakely is not retroactively applicable was misguided. First, Sepulveda and Summerlin both dealt with cases (Apprendi and Ring respectively) that unquestionably announced new rules of criminal procedure and were therefore subject to a Teague analysis. Moreover, Sepulveda's conviction became final approximately five months before Apprendi was decided. 330 F.3d 55. In addition, the court apparently treated Blakely and Ring as congeners, but they are about as similar as chalk and cheese. While both applied the reasoning of Apprendi, Ring explicitly overruled prior Supreme Court precedent.[2] Blakley, on the other hand, stated:

> "Our precedents make clear ... that the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." (Emphasis and citation omitted.)

Id. at 159 L.Ed.2d 403, 413 (2004).

---

2.

Ring overruled Walton v. Arizona, 497 U.S. 639 (1990).

Clearly, Blakely did not announce a new rule of criminal procedure and therefore is not subject to a Teague analysis.

For courts to hold that Blakely is not retroactively applicable because Apprendi and Ring are not, represents a legal legardemain that cannot survive a logical analysis.

If Blakely announced a new rule of criminal procedure, what new rule did it announce? And, more importantly, why did the Blakely Court state that its holding was dictated by prior precedents?

## Conclusion

For the reasons and authorities cited herein, as well as the reasons and authorities cited in his memorandum of law, Movant prays that his Section 2255 motion will be granted.

Respectfully submitted,

Edgar Guzman

Edgar Guzman
Reg. No. 05114-070
U.S. Penitentiary Allenwood
P.O. Box 3000
White Deer, PA 17887

Movant, pro se

Dated: July 7, 2005

CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of Movant's Reply to Government's Objection and Memorandum of Law in Support of Its Objection to [Movant's] Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, this 7th day of July, 2005, was sent, via first-class mail, postage prepaid, to the following counsel for the government:

Stephanie S. Browne
Assistant U.S. Attorney
District of Rhode Island
Fleet Center
50 Kennedy Plaza, Eighth Floor
Providence, Rhode Island 02903

Edgar Guzman

Edgar Guzman