In The United States District Court

for the District of Rhode Island

| | |
|---|---|
| Edgar Guzman | ) Case No. 05-214-ML |
| Petitioner | ) |
| v. | ) Motion for Reconsideration of |
| | ) Judgement or Petition for |
| United States of America | ) Certificate of Appealability |
| Respondent | |

---

Comes now, Edgar Guzman, Petitioner, Therein Pro Se, respectfully prays to this Honorable Court to re-consider its decision regarding to the petitioner's 2255 motion. With that purpose petitioner asserts:

In the light of Apprendi v. New Jersey, 530 U.S. 120(2000): Jones v. United States, 526 U.S. 227 (1999), and Blakely v. Washington, 542 U.S. 124(2004) petitioner was illegally sentenced. The district court exceeded its proper authority by enhancing the petitioner's sentence base upon "facts" never stated in the indictment, nor admitted by the defendant nor found beyond a reasonable doubt by jury. The Sixth Amendment Constitutional rights of petitioner were also violated when his trial counsel failed to investigate, (a) the defendant's criminal history; (b) the non-existence of a "shotgun", illegally related with the case; and (c) he also failed to object the enhancements for "obstruction of justice".

And those aspects of the process notoriously prejudiced to petitioner's case and cause

It is unconceivable that petitioner received a sentence of 17 years over the agreement he signed with the government "because the aliases". The fact that petitioner had used different "aliases" was not directly related with the federal charges for which he was processed. There is not any relation between the charges and the "aliases". To be punished for 17 more years just because "the defendant used different aliases, and he did not say it to the governent" cannot be admissable in light of the Constitution of the United States.

The defendant raised several objections under Apprendi and Jones. The district court denied it based on an erroneous understanding of "statutory maximum for Apprendi purposes". Once the Supreme Court clarified in Blakely, supra, the means of "statutory maximum for Apprendi purposes", it should be applied to whom raised objections under Apprendi and it was denied for such misunderstanding. See Recuenco v. United states, 546 U.S.A. 126 (2005), where the Supreme Court expressly said that Blakely merely clarified "the statutory maximum for Apprendi purposes". See also United States v. Scroggin, 880 F 3d 1204, 1215 (11th Cir. 1989) (stating that a clarification that does not effect a substantive change in the law, should be applied retroactively".)

See also Piamba Cortes v. American Airlines, Inc. 177 F 3d 1272, 1283 (11th Cir. 1999) "Concerns about retroactive application are not implicated when an amendment that takes effect after the initiation of a lawsuit is deemed to clarify revelant law rather than effect substantive change in the law", quoting Pope v. Shalala, 998 F 2d 473, 483 (7th Cir. 1993). A rule simply clarifying an unsettled or confusing area of the law does not change the law, but restates what the law according to the agency is and has always been: It is no more retroactive in its operation than is a judicial determination construing and applying a statute to a case in hand". The Supreme Court clarified the concept "statutory maximum for Apprendi purposes" and such clarification was always implicit or inherent to Apprendi, and it did not effect any substantive change in Apprendi. Petitioner timely raised his ojections pursant to Apprendi.

It is justice to correct a sentence with 17 years over the guilty plea of a defendant, but unjust to execute said sentence because he used "various aliases". Petitioner has not family in his country. All his relatives live in the United States. To admit that he was Dominican but not Puerto Rican, could implicate for him to be deported to a country in which he has not relatives or friends. That's the reason why he needed to pretend to be Puerto Rican. But to receive 17 years more in his sentence for it is openly unconstitutional.

However, if this Honorable court decides to deny the foregoing petition, petitioner respectfully prays to this Honorable court to recharacterize it as a petition for C.O.A.

Petitioner asserts that the district court's judgement denying relief under 2255, warrants appellate review as such petitions raised federal Constitutional issues debateable among reasonable jurists and deserves encouragement to process further--Slack v. McDaniel, 529 U.S. 473(2000); Barefoot v. Estelle, 463 U.S. 883(1983). See also Miller-El v. Cockrell, 573 U.S. (2003):..."a prisoner seeking a COA needs only demonstrate "a substantial showing of the denial of a constitional right", 28 U.S.C. 2253(c)(2). A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claim or that jurists could conclude the issues presented are adquate to deserve encouragement to proceed further". Quoting Slack, Supra.

Respectfully submitted,

Edgar Guzman

Edgard Guzman
#05114-070
Victorville Penitntiary
P.O. Box 5500
Adelanto, CA 92301

p.s. Petitioner attached a Motion to proceed in Forma Pauperis.

Certificate of Service,

Under penalty of perjury, Petitioner certifies that he sent a true and correct copy of the foregoing petition to the United States Attorney, Henry K. Kopel.

Adelanto, Feb. 20, 2007.

Edgar Guzman